# EXHIBIT D

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------X

MARIAH LOPEZ,

                                       Plaintiff,

-against-

NYC DEPT OF HOMELESS SERVICES, NYC HUMAN
RESOURCES ADMINISTRATION, PROJECT
RENEWAL INC, QPS SECURITY INC, WIN INC,
CHRISTINE C. QUINN,

                                       Defendants.

------------------------------------------------------------------X

**AFFIRMATION OF THOMAS
B. ROBERTS IN OPPOSITION
TO PLAINTIFF'S MOTION
FOR A TRO**

Index No. 100556/2018

      **THOMAS B. ROBERTS,** an attorney duly admitted to practice before the
Courts of the State of New York, hereby affirms the following to be true under penalty of perjury
pursuant to Rule 2106 of the Civil Practice Law and Rules:

           1.     I am an Assistant Corporation Counsel in the office of Zachary W. Carter,
Corporation Counsel of the City of New York, attorney for Defendants New York City
Department of Homeless Services and New York City Human Resources Administration
("Municipal Defendants") in the above-captioned proceeding.

           2.     I submit this affirmation in opposition to Plaintiff's motion for a
temporary restraining order.

           3.     This is the fourth proceeding Plaintiff has filed challenging her placements
by the New York City Department of Homeless Services ("DHS") within DHS' shelter system.
In her prior proceedings, Plaintiff repeatedly sought the same temporary relief she apparently
seeks from this Court: to be reassigned to the Marsha's House shelter in the Bronx, where she
was assigned during April and May 2017.

4.     Since removing Plaintiff from Marsha's House on or about May 31, 2017, DHS has reassigned Plaintiff to two different women's shelters, first to the WIN West women's shelter in Manhattan.  When Plaintiff refused that assignment, DHS reassigned her to the women's shelter at the Park Slope Armory.  Plaintiff also refused that assignment, and Plaintiff has not spent a night in the DHS shelter system since leaving Marsha's House near the end of May 2017.

5.     Since May 31, 2017, three justices or judges have heard Plaintiff's motions for a TRO and each has denied the motions.

6.     Justice Jaffe of this Court denied Plaintiff's motion for temporary relief and dismissed Plaintiff's Article 78 proceeding in her June 14, 2017 decision and judgment that is attached as Exhibit A hereto in Lopez v. New York City Department of Homeless Services & Project Renewal, 100632/2017.  Plaintiff did not appeal this decision and judgment.

7.     Justice Bannon of this Court denied Plaintiff's motion for similar temporary relief on June 29, 2017 and dismissed Plaintiff's Article 78 proceeding in her October 3, 2017 order that is attached as Exhibit B hereto in Lopez v. New York City Department of Homeless Services, 100871/2017.  Plaintiff did not appeal this order.

8.     Judge Caproni of the Southern District of New York has twice denied Plaintiff's motions for a TRO, and Judge Batts (who heard one of Plaintiff's emergency motions while Judge Caproni was unavailable) has denied it once.  As reflected in the docket sheet of Lopez v. New York City Dept. of Homeless Services, et al, 17 cv 3014 (SDNY), a copy of which is attached as Exhibit C hereto, Judge Capproni denied plaintiff's motions for a TRO on May 31, 2017 and again recently on March 30, 2018.  Judge Batts denied such relief on June 15, 2017. See docket entries for those dates.

9. Plaintiff raises the same arguments and seeks essentially the same temporary relief that has been repeatedly rejected.

10. Plaintiff again fails to demonstrate a likelihood of success on the merits, that she will be irreparably harmed, that the equities tip in her favor or any other requirement for the grant of preliminary relief. Far from seeking to preserve the status quo, Plaintiff seeks the ultimate relief and a change in the status.

11. Accordingly, the motion for a TRO should be denied.

Dated: New York, New York
May 10, 2018

THOMAS B. ROBERTS

EXHIBIT A

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT: **BARBARA JAFFE**
_____
_J.S.C._
_Justice_

PART 12

100632-17

INDEX NO. _____

MOTION DATE _____

Lopez, MARIAH

-v-

NYC Dept. Homeless Services

MOTION SEQ. NO. 1

The following papers, numbered 1 to _____ , were read on this motion to/for _____

| | |
|---|---|
| Notice of Motion/Order to Show Cause — Affidavits — Exhibits _____ | No(s). _____ |
| Answering Affidavits — Exhibits _____ | No(s). _____ |
| Replying Affidavits _____ | No(s). _____ |

Upon the foregoing papers, it is ordered that this motion is

DECIDED IN ACCORDANCE WITH
ACCOMPANYING DECISION/ORDER. Judgment

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE _____
FOR THE FOLLOWING REASON(S):

Dated: 6/14/17

_____ , J.S.C.
**BARBARA JAFFE**
_J.S.C._

1. CHECK ONE: ..................................................... ☑ CASE DISPOSED    ☐ NON-FINAL DISPOSITION

2. CHECK AS APPROPRIATE: ...................MOTION IS: ☐ GRANTED  ☑ DENIED  ☐ GRANTED IN PART  ☐ OTHER

3. CHECK IF APPROPRIATE: ..................................................... ☐ SETTLE ORDER    ☐ SUBMIT ORDER

☐ DO NOT POST    ☐ FIDUCIARY APPOINTMENT    ☐ REFERENCE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK : IAS PART 12
-------------------------------------------------------------------x
In the Matter of the Application of                    Index no. 100632/17
MARIAH LOPEZ,
                                                       **DECISION AND JUDGMENT**
                                  Petitioner,

                  -against-


NYC DEPARTMENT OF HOMELESS SERVICES,
PROJECT RENEWAL,

                                  Respondents.
-------------------------------------------------------------------x
BARBARA JAFFE, JSC:

        Petitioner seeks an order directing respondent NYC Department of Homeless Services

(DHS) to "reverse its decision to approve Project Renewal's request to transfer [her] from

Marsha's Place Shelter (for transgender people)." (Verified Petition).  She alleges that the

transfer constitutes a retaliatory measure against her for having obtained an order from the

Southern District of New York enjoining respondents from refusing the entry of her service dog

into Marsha's Place.  Since then, she contends, she has been treated differently by staff in that

they document her alleged infractions more than they do those of other clients, resulting in a

"paper trail" and her transfer out of Marsha's Place, which transfer she claims resulted from her

objection to the mistreatment of transgender clients by food service staff.  She accuses Project

Renewal's director of inappropriately sharing with her personal details about himself. (*Id.*).

Petitioner also seeks a temporary stay and an order preliminarily enjoining her transfer. (Order to

Show Cause, dated May 11, 2017).

## I. BACKGROUND

        Annexed to the petition are respondents' Client Notification of Transfer, dated May 10,

2017, setting forth a shelter client's right to a review of the reasons for a transfer, a Shelter Client Transfer Referral form, dated May 11, 2017, by which petitioner was notified of her transfer as of that day, and a copy of the aforementioned federal temporary restraining order, dated April 27, 2017, which reflects that it was issued "without prejudice to the Defendants' and Marsha's House's right to require [petitioner] to comply with all applicable shelter rules and City and State regulations." (*Mariah Lopez v City of New York*, US Dist Ct, SD NY, 17cv3014, Caproni, J., Apr. 27, 2017).

On May 12, 2017, when the parties appeared before me with respect to the requested stay, petitioner argued that she should not be forced to leave Marsha's Place and take up residence at WIN West Women's Shelter (WIN West) as two transgender residents of that shelter had recently reported being assaulted there. (Transcript of proceedings, May 12, 2017). According to petitioner, her fear of being assaulted at WIN West and of again being placed in an environment where, if disrespected or attacked, her "post-traumatic stress disorder" and "impulse control disorder" could result in her physically defending herself. Thus, she claimed that being transferred from Marsha's Place will result in an irreparable injury which excuses her from any obligation to exhaust her administrative remedies before seeking judicial review of DHS's determination. She added that she lacks any option but to perform "sex work" if she cannot remain at Marsha's Place, and claimed a right to be with other transgender people there and not be forced into a shelter for "cis or legal females."

While she admits having threatened staff at Marsha's Place, she observed that she has not assaulted anyone. She reiterated and refined her position as a fear of being forced by discriminatory behavior to defend herself and thereby be exposed to potential criminal charges,

2

and distinguished the discriminatory conduct directed against transgender people by food service staff at Marsha's Place from the violence at WIN West.

Notwithstanding petitioner's fear of being transferred to WIN West, respondents insist that it is safe given the police protection it affords, and is thus more suitable for petitioner, who has engaged in threatening conduct at Marsha's Place, where there is no police presence. They asserted that there is no evidence of any assaults at WIN West nor does there appear to be a history or pattern of incidents at WIN West related to transgender individuals, otherwise observing that criminal conduct occurs "at pretty much every single shelter facility within New York City," and that there is no guarantee of safety at any particular shelter. Although staff members at Marsha's Place have tried to work with petitioner, respondents reported that they do not feel safe as a result of her confrontations with them.

Respondents expressed willingness to reach out to WIN West to ensure that a bed was available to petitioner and offered her assistance in utilizing security procedures there, and observed that shelters are designated for women solely according to their gender identity, although they acknowledged that Marsha's Place is a uniquely LGBTQ shelter. While petitioner was exempted from the below-30 age requirement at Marsha's Place, respondents maintained that given her repeated violation of the shelter rules and regulations contained within a written contract she signed with Project Renewal, she no longer qualifies.

Respondents also argued that DHS has the discretionary authority to effect transfers between shelters, and that if a shelter need is not being met, such as one related to safety, timely notice and a pre-transfer hearing are not required. Rather, a client may request a fair hearing to challenge the transfer post-transfer. Given the availability of that remedy, respondents asserted,

3

petitioner is not entitled to any injunctive relief, having failed to exhaust her administrative fair-hearing remedy, and claim that the status quo ante is petitioner's assignment to WIN West, even though she refused placement there.

I ordered respondents to accommodate petitioner at Marsha's Place for the weekend and directed them to appear on May 15 for consideration of petitioner's order to show cause.

On May 15, petitioner characterized the weekend at Marsha's Place as "without incident," although she complained about not having been fed that morning. (Transcript of proceedings, dated May 15, 2017). By contrast, respondents reported that over the weekend, six incidents were reported concerning threats leveled at staff members by petitioner, and that petitioner was given cereal that morning as the kitchen had run out of eggs when she appeared for breakfast near the end of the breakfast period. Nonetheless, I temporarily stayed respondents from enforcing the transferral of petitioner to WIN West, conditioned on her compliance with respondents' rules and regulations. I signed the order to show cause and the parties were directed to return to court on May 31. Respondents were given until May 24 to file their answers to the petition.

On May 24, respondents filed and served their verified answers.

By letter dated May 25, 2017, DHS advised that on May 24, the police had been called to Marsha's Place and petitioner was thereupon arrested. As a result, and given my order conditioning the stay of her transfer to WIN West on her compliance with the shelter's rules and regulations, DHS "suspended" petitioner from shelter services for seven days, which according to counsel, is the standard procedure followed under the circumstances.

On May 26, 2017, petitioner brought a new order to show cause and petition, seeking an order compelling DHS to permit her to return to Marsha's Place. Another justice of this court

4

denied her request for a stay, and scheduled the application to be heard by me on May 31, 2017.

On May 31, DHS advised that petitioner's May 24 arrest resulted in the lodging of felony and lesser charges. (Transcript of proceedings, dated May 31, 2017). It was agreed that the underlying facts would not be discussed to avoid any incriminatory statements from petitioner, although she maintained that the charges lodged against her are the exaggerated product of DHS's urging staff at Marsha's Place to press charges against her in an attempt to deny her "fair access to this Court and its procedures," and she complained that counsel for DHS was not communicating with her. Specifically, she alleged that she had informed him, apparently without response, that there were serious safety concerns at Marsha's Place. She accused counsel of taking advantage of the condition set forth in my order to show cause that she comply with the rules knowing that she would violate them, and thereby rendering her "helpless" in having to resort to sex work.

In response, DHS counsel referenced petitioner's "long history [of] defiantly violating rules and when asked to comply . . ." refusing to do so, alleging that petitioner has slept with other clients, burned candles in her room, brought prohibited wine and food into the shelter, and has a "long history" of threatening shelter employees. He reported that petitioner had called him, proposing to settle the case by "completely reorganizing the management of Project Renewal," which he declined as unproductive. It was soon thereafter, he stated, that occurred the incidents leading to her arrest and suspension from services.

As the suspension was to expire that day, DHS asked that I lift the stay to permit petitioner's transfer to a different facility in order to avoid her further disruption of Marsha's Place, and strongly denied petitioner's suggestion that safety issues were not taken seriously by

Project Renewal. Counsel observed that upon petitioner's return to the shelter on May 26, she confronted one of the directors and told him that "she thought she knew where he lived and she would have his fucking head blown off." He thus contended that a transfer to a shelter with better mental health services is appropriate, especially as several staff members refused to come to work with petitioner in the building.

Petitioner additionally complained that counsel intentionally served her with DHS's verified answer the day she "was made homeless," and that her transfer from Marsha's Place would "impact[]" her canine service animal. Petitioner maintained that all of the evidence against her cited by respondents originates from individuals whose words are tainted by conflicts of interest given the departmental investigation she commenced against them the previous week. She denied "sneaking" wine into the shelter, as she had only forgotten that she had it, claimed that she had burned candles in her room as part of a religious observance, and denied that her conduct endangered any clients, a majority of whom had signed a petition calling for the ouster of the shelter's present director. She asked that I modify the stay to prevent her transfer to any facility, not just WIN West, and amend it to extend to a determination of her application, asserting that the only facility for an open transgender person to feel safe from harassment is Marsha's Place.

Given the incidents that preceded those allegedly precipitating petitioner's arrest, which were essentially uncontested except to the extent that petitioner sought to excuse them, and absent a sufficient showing that immediate and irreparable injury would result if DHS were not restrained from transferring petitioner to WIN West, I lifted the stay and marked as fully submitted petitioner's motion for a preliminary injunction and her petition.

6

## II. ANALYSIS

### A. Exhaustion of remedies

Although petitioner seeks a preliminary injunction, she ultimately requests that I review the determination of an agency. "[A]s a general principle, absent extraordinary circumstances, courts are constrained not to interject themselves into ongoing administrative proceedings until final resolution of those proceedings before the agency." (*Galin v Chassin*, 217 AD2d 446, 447 [1st Dept 1995], citing *Doe v St. Clare's Hosp. & Health Ctr*, 194 AD2d 365, 366 [1st Dept 1993], *lv denied* 82 NY2d 662). Thus, one seeking such review must first exhaust administrative remedies. The exhaustion rule is not, however, inflexible, as it "need not be followed, for example, when an agency's action is challenged as either unconstitutional or wholly beyond its grant of power, or when resort to an administrative remedy would be futile or when its pursuit would cause irreparable injury." (*Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978]).

Given DHS's broad discretionary authority to effect transfers between homeless shelters, the transfer of petitioner from Marsha's Place to WIN West is neither unconstitutional nor wholly beyond DHS's grant of authority; petitioner's avowed purpose in advocating for others by verbally threatening staff at Marsha's Place and her complaints about shelter services do not encroach on that authority. As respondents' answers were to be filed and served on May 24, they cannot be faulted for serving her then. Moreover, her attempt to minimize the impact of her threats is unpersuasive.

Petitioner also offers no reason to believe that an effort to obtain a fair hearing would be futile (*see McFadden v Fonda*, 148 AD3d 1430, 1431 [3d Dept 2017] [no evidence offered

substantiating petitioner's contention that his ability to file appeal in accordance with administrative directive was hindered]), or that a hearing would be other than fair. At that hearing, she would have an opportunity to argue and prove her allegations of retaliatory conduct by shelter staff.

Although it was reported in 2016 that, nationally, 22 percent of transgender residents of homeless shelters were sexually assaulted by staff or other residents,[1] and notwithstanding petitioner's report of hearing from two such recent victims at WIN West, her fear of being assaulted there is nonetheless speculative and does not constitute irreparable injury (*see eg Heyliger v Trombley*, 2017 WL 1064680, *2 [ND NY 2017] [preliminary injunction seeking transfer to different correctional facility denied as plaintiff's concern of possible assault or mistreatment speculative]; *Trowell v Upstate Correctional Facility*, 2016 WL 7156559, *8 [ND NY 2016], and cases cited therein [allegations of possible future assault speculative and thus insufficient to establish irreparable harm]), nor does her anticipation of having to defend herself or others. That she cannot control her impulses does not entitle her to relief, nor does her claim that she has no choice but to engage in "sex work" to avoid being homeless. A professed inability to conform one's conduct to the law or to support oneself in any capacity other than in sex work cannot be countenanced as to do so would condone illegality and unjustifiably ignore available onsite social services, as well as others such as the Urban Justice Center's Sex Workers Project (www.urbanjusticecenter.org).

---

[1] Demoya Gordon, "Transgender People Need Safe and Dignified Access to Homeless Shelters," Lambda Legal, Feb. 16, 2016, https://www.lambdalegal.org/blog/20160216_transgender-people-need-access-to-homeless-shelters.

## B.  Preliminary injunction

Even had petitioner exhausted her administrative remedies, the result is the same.  To obtain a preliminary injunction, she must demonstrate, by non-conclusory statements, the likelihood of success on the merits, a danger of irreparable injury, and that the balance of equities is in her favor (Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of New York, CPLR 6312, Bk 7B, C6312:1 [2010]).  That petitioner is no longer at Marsha's Place poses no obstacle, as it has been held that injunctive relief may restore the status quo as it existed before the defendant's wrongful act, (Vincent C. Alexander, Supplementary Practice Commentaries, McKinneys Consol Law of New York, CPLR 6301, Bk 7B, C6301:1 [2014]; *Bd. of Ed. of City of New York v Marcus*, 63 Misc 2d 268, 271 [Sup Ct, Kings County 1970], citing 7-A Weinstein-Korn-Miller § 6301.16).  However, for the reasons set forth above (II.B.), namely, respondents' broad discretion and the speculative nature of her fears, petitioner fails to demonstrate, respectively, a likelihood of success on the merits and irreparable injury.  And given the indisputable public interest in the safe administration of homeless shelters, the balance of equities here lies in respondents' favor.

Petitioner's May 26, 2017 order to show cause and petition, is thus moot and the "Preliminary Report" annexed to it is not reviewed as it addresses issues beyond the purview of her application and is neither signed nor notarized.

## III.  CONCLUSION

As a self-described experienced advocate whose professed goal is to reform the shelter system as it relates to transgender individuals, it should come as no surprise to petitioner that a more nuanced approach to reaching her goal may be more productive.  To the extent that her

conduct may be characterized as civil disobedience, under the circumstances presented here, she

is herself to blame for the consequences of her conduct. (*See United States v Kroncke*, 459 F2d

697, 703 [8th Cir 1972] ["Among philosophers and religionists throughout the ages there has

been an incessant stream of discussion as to when, if at all, civil disobedience, whether by

passive refusal to obey a law or by its active breach, is morally justified. However, they have

been in general agreement that while in restricted circumstances a morally motivated act contrary

to law may be ethically justified, the action must be non-violent and the actor must accept the

penalty for his action. In other words, it is commonly conceded that the exercise of a moral

judgment based upon individual standards does not carry with it legal justification or immunity

from punishment for breach of the law."]).

    Accordingly, it is hereby

    ORDERED and ADJUDGED, that the petition is denied in its entirety; it is further

    ORDERED and ADJUDGED, that petitioner's May 26, 2017 order to show cause and

petition are denied as moot and dismissed; and it is further

    ORDERED and ADJUDGED, that the proceeding is dismissed.

                            ENTERED:

                            _____
                            Barbara Jaffe, JSC

DATED:      June 14, 2017
            New York, New York

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT: _____ JAFFE _____          PART 12
                          *Justice*

LOPEZ, MARIAH

          -v-

NYC. DEPT HOMELESS SERVICES

INDEX NO. 100632/17

MOTION DATE _____

MOTION SEQ. NO. 02

---

The following papers, numbered 1 to _____ , were read on this motion to/for _____

Notice of Motion/Order to Show Cause — Affidavits — Exhibits _____ No(s). _____

Answering Affidavits — Exhibits _____ No(s). _____

Replying Affidavits _____ No(s). _____

Upon the foregoing papers, it is ordered that this motion is

This petition is decided in accordance with
the decision and order and judgment filed
under motion sequence number **001**

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE<br>FOR THE FOLLOWING REASON(S):

Dated: 6/14/17                          _____, J.S.C.
                                        BARBARA JAFFE
                                                    J.S.C.

1. CHECK ONE: ........................................ ☒ CASE DISPOSED        ☐ NON-FINAL DISPOSITION

2. CHECK AS APPROPRIATE: ..................MOTION IS: ☐ GRANTED  ☒ DENIED  ☐ GRANTED IN PART  ☐ OTHER

3. CHECK IF APPROPRIATE: ................................. ☐ SETTLE ORDER        ☐ SUBMIT ORDER

                                        ☐ DO NOT POST   ☐ FIDUCIARY APPOINTMENT   ☐ REFERENCE

# EXHIBIT B

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT: Hon. **Nancy M. Bannon**
                    *Justice*

PART **42**

---

MARIAH LOPEZ

- v -

NEW YORK CITY DEPARTMENT OF
HOMELESS SERVICES

INDEX NO. **100871-17**

MOTION DATE **9-28-17**

MOTION SEQ. NO. **001**

---

## ORDER

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE
FOR THE FOLLOWING REASON(S):

On June 29, 2017, the petitioner in this CPLR article 78 proceeding appeared and argued in favor of a temporary restraining order. The respondent argued in opposition. Temporary relief was denied, and argument on the petition was scheduled for July 27, 2017. The respondent appeared but the petitioner failed to appear on that date. The matter was adjourned to August 24, 2017, to provide the petitioner with another opportunity to appear and argue in favor of the petition. On August 24, 2017, the petitioner again failed to appear. The matter was adjourned with a final date of September 28, 2017. The order issued on that date cautioned the petitioner that her failure to appear on September 28, 2017, would result in denial of the petition and dismissal of the proceeding. On that date, the respondent appeared but the petitioner did not. Neither the court nor the respondent received any communication from the petitioner. Consequently, the action is dismissed pursuant to 22 NYCRR 202.27, which provides that, "[a]t any scheduled call of a calendar or at any conference, if all parties do not appear and proceed or announce their readiness to proceed immediately or subject to the engagement of counsel, the judge may note the default on the record and enter an order ... dismiss[ing] the action... [or] may make such order as appears just."

Accordingly, it is hereby,

ORDERED that the petition is denied and the proceeding is dismissed, without prejudice, pursuant to 22 NYCRR 202.27, and it is further

ORDERED that the Clerk shall enter judgment accordingly.

This constitutes the Decision and Order of the court.

Dated: October 3, 2017

_____, JSC

1. Check one: .............................. ■ CASE DISPOSED    ☐ NON-FINAL DISPOSITION
2. Check as appropriate: PETITION IS: ☐ GRANTED    ■ DENIED    ☐ GRANTED IN PART    ☐ OTHER

# EXHIBIT C

CASREF,ECF,PRO-SE

# U.S. District Court
## Southern District of New York (Foley Square)
# CIVIL DOCKET FOR CASE #: 1:17-cv-03014-VEC-OTW

Lopez v. New York City Dept. Homeless Services et al
Assigned to: Judge Valerie E. Caproni
Referred to: Magistrate Judge Ona T. Wang
Cause: 28:1331 Fed. Question

Date Filed: 04/25/2017
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

## Plaintiff

**Mariah Lopez**

represented by **Mariah Lopez**
Homeless - No Mailing Address
(212) 470-9687
Email: mariah4change@gmail.com
PRO SE

V.

## Defendant

**New York City Dept. Homeless
Services**
*TERMINATED: 04/26/2017*

represented by **Thomas B. Roberts**
The CIty of New York Law Department
100 Church Street
New York, NY 10007
212-356-1000
Fax: 212-788-8877
Email: throbert@law.nyc.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

## Defendant

**Project Renewal**

represented by **Richard Ian Greenberg**
Jackson Lewis P.C. (NY)
666 Third Avenue
29th Floor
New York, NY 10017
(212) 545-4080
Fax: (212)-972-3213
Email: greenber@jacksonlewis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin Patrick Connolly , Jr.**
New York City Law Department
100 Church Street

New York, NY 10007
(914)-469-8890
Email:
kevin.connolly@jacksonlewis.com
*ATTORNEY TO BE NOTICED*

**Nidhi Srivastava**
Jackson Lewis P.C.
666 3rd Avenue
New York, NY 10174
(212)-545-4048
Email:
nidhi.srivastava@jacksonlewis.com
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

The City of New York                    represented by **Evan Robert Schnittman**

New York City Law Department
100 Church Street
New York, NY 10007
(212)-356-2613
Fax: (212)-788-8872
Email: eschnitt@law.nyc.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas B. Roberts**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/25/2017 | 1 | REQUEST TO PROCEED IN FORMA PAUPERIS. Document filed by Mariah Lopez.(sac) (Entered: 04/25/2017) |
| 04/25/2017 | 2 | COMPLAINT against New York City Dept. Homeless Services, Project Renewal. Document filed by Mariah Lopez.(sac) (Entered: 04/25/2017) |
| 04/25/2017 | 3 | UNSIGNED ORDER TO SHOW CAUSE filed by Mariah Lopez. (sac) (Entered: 04/25/2017) |
| 04/25/2017 |  | Case Designated ECF. (sac) (Entered: 04/25/2017) |
| 04/26/2017 | 4 | ORDER GRANTING IFP APPLICATION: Leave to proceed in this Court without prepayment of fees is authorized. 28 U.S.C. § 1915. (Signed by Judge Colleen McMahon on 4/26/2017) (sac) (Entered: 04/26/2017) |
| 04/26/2017 |  |  |

| | | |
|---|---|---|
| | | Transmission to Docket Assistant Clerk. Transmitted re: 4 Order Granting IFP Application, to the Docket Assistant Clerk for case processing. (sac) (Entered: 04/26/2017) |
| 04/26/2017 | | NOTICE OF CASE REASSIGNMENT to Judge Valerie E. Caproni. Judge Unassigned is no longer assigned to the case. (wb) (Entered: 04/26/2017) |
| 04/26/2017 | | Magistrate Judge Sarah Netburn is so designated. (wb) (Entered: 04/26/2017) |
| 04/26/2017 | | Mailed a copy of 4 Order Granting IFP Application to Mariah Lopez Homeless Shelter of Record, 480 East 185th Street, Bronx, NY 10450. (rro) (Entered: 04/26/2017) |
| 04/26/2017 | 6 | ORDER: IT IS HEREBY ORDERED that Plaintiff and representatives of defendant Project Renewal and the Office of the Corporation Counsel of New York City are directed to appear before the Court in Courtroom 443 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York 10007 at 1:00 p.m. on April 27, 2017 in order to show cause why Plaintiff's application for temporary injunctive relief should not be granted; IT IS HEREBY FURTHER ORDERED that Plaintiff is directed to immediately notify the Defendants of this action and her request for provisional relief. IT IS HEREBY FURTHER ORDERED that Plaintiff is directed to immediately deliver to the Defendants copies of her complaint, supporting materials, order to show cause, and this Order at the following addresses herein. IT IS HEREBY FURTHER ORDERED that the Clerk of the Court is respectfully directed to mail a copy of this order to Defendants at the above-referenced addresses and note service on the docket. Show Cause Hearing set for 4/27/2017 at 01:00 PM in Courtroom 443, 40 Centre Street, New York, New York 10007 before Judge Valerie E. Caproni. (Signed by Judge Valerie E. Caproni on 4/26/2017) (kgo) (Entered: 04/26/2017) |
| 04/26/2017 | | Transmission to Docket Assistant Clerk. Transmitted re: 6 Order to Show Cause,,,,, to the Docket Assistant Clerk for case processing. (kgo) (Entered: 04/26/2017) |
| 04/26/2017 | 7 | ORDER OF SERVICE: The Court dismisses Plaintiffs claims against the New York City Department of Homeless Services. The Court directs the Clerk of Court to add the City of New York as a defendant in this action. Fed. R. Civ. P. 21. The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for the City of New York and Project Renewal, Inc., and deliver all documents necessary to effect service to the U.S. Marshals Service. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue). ( USM-285 Form due by 5/26/2017., Request for Issuance of Summons due by 5/26/2017.), The City of New York added. New York City Dept. Homeless Services terminated. (Signed by Judge Valerie E. Caproni on 4/26/2017) (kgo) (Entered: 04/26/2017) |
| 04/26/2017 | | Mailed a copy of 6 Order to Show Cause to Mariah Lopez Homeless Shelter of Record, 480 East 185th Street, Bronx, NY 10450. (rro) (Entered: 04/26/2017) |

| 04/27/2017 | | Minute Entry for proceedings held before Judge Valerie E. Caproni: Show Cause Hearing held on 4/27/2017. Order to follow. (Court Reporter Eve Giniger) (Brantley, Michael) (Entered: 04/27/2017) |
| 04/27/2017 | 8 | TEMPORARY RESTRAINING ORDER: On April 25, 2017 Plaintiff, proceeding pro se, filed a complaint for preliminary and permanent injunctive relief alleging that Defendants have refused to permit her service animal access to a public accommodation in violation of Title III of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12182(a). Plaintiff concurrently moved for a temporary restraining order ("TRO") pursuant to Rule 65 of the Federal Rules of Civil Procedure. On April 27, 2017 the Court held a conference in respect of Ms. Lopez's application for a temporary restraining order; as further set forth herein. Accordingly, IT IS HEREBY ORDERED that the Defendants are provisionally directed to accommodate Plaintiff and her service animal at the "Marsha's House" homeless shelter until 3:00 p.m. on May 1, 2017, unless this Court orders otherwise. This Order is without prejudice to the Defendants' and Marsha's House's right to require Plaintiff to comply with all applicable shelter rules and City and State regulations. Plaintiff's failure to comply with shelter rules or City and State regulations is grounds to dissolve this TRO. IT IS HEREBY FURTHER ORDERED that the parties are directed to appear at 3:00 p.m. on May 1, 2017 in Courtroom 443 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York 10007 at which time the Court will hold a hearing in respect of Plaintiff's application for temporary injunctive relief. (Signed by Judge Valerie E. Caproni on 4/27/2017) (mro) (Entered: 04/28/2017) |
| 04/27/2017 | | Set/Reset Hearings: Status Conference set for 5/1/2017 at 03:00 PM in Courtroom 443, 40 Centre Street, New York, NY 10007 before Judge Valerie E. Caproni. (mro) (Entered: 04/28/2017) |
| 04/27/2017 | 9 | STANDALONE SUBMISSION BY PLAINTIFF IN SUPPORT OF HER APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION. Document filed by Mariah Lopez. (kgo) (Entered: 04/28/2017) |
| 04/28/2017 | | SUMMONS ISSUED as to Project Renewal, The City of New York. (sbr) (Entered: 04/28/2017) |
| 04/28/2017 | | FRCP 4 Service Package Hand Delivered to U.S.M.: Package hand delivered to U.S.M. on 4/28/2017 per the instructions of Judge Valerie E. Caproni. See 7 Order of Service, Add and Terminate Parties. (sbr) (Entered: 04/28/2017) |
| 04/28/2017 | | FRCP 4 (Information Package Mailed) to plaintiff at the address noted on the complaint/court's docket on 4/28/2017 via Regular Mail. The information package included: a copy of the Order of Service, Judge's individual rules, Instructions for Litigants Who Do Not Have Attorneys, Notice Regarding Privacy and Public Access to Electronic Case files, A Motions Guide, A Notice that the Pro Se Manual has been discontinued, a Notice of Change of Address to use if your contact information changes, a consent to proceed before a Magistrate Judge, and consent to electronic service forms. (sbr) (Entered: 04/28/2017) |

| 04/28/2017 | 10 | ORDER: WHEREAS on April 27, 2017 the Court entered a temporary restraining order (the "TRO") in the above-captioned case and directed the parties to appear for a hearing in respect of Plaintiff's application for a preliminary injunction at 3:00 p.m. on May 1, 2017; IT IS HEREBY ORDERED that, due to a conflict on the Court's calendar, the May 1, 2017 hearing is adjourned to 3:00 p.m. on May 3, 2017. IT IS HEREBY FURTHER ORDERED that the TRO shall remain in effect during the period from May 1, 2017 to 3:00 p.m. on May 3, 2017. For the avoidance of doubt, the Court finds that the factors supporting entry of a TRO through May 1, 2017 also support maintaining the TRO until May 3, 2017. ( Status Conference set for 5/3/2017 at 03:00 PM before Judge Valerie E. Caproni.) (Signed by Judge Valerie E. Caproni on 4/28/2017) (mro) (Entered: 05/01/2017) |
|---|---|---|
| 05/01/2017 | 11 | ORDER. IT IS HEREBY ORDERED that Plaintiff is directed to show cause by 5:00 p.m. on May 2, 2017 why the Court should not dissolve the TRO in light of the City's agreement to accommodate Plaintiff's animal. SO ORDERED. (Show Cause Hearing set for 5/2/2017 at 05:00 PM before Judge Valerie E. Caproni). (Signed by Judge Valerie E. Caproni on 5/1/2017) (rjm) (Entered: 05/01/2017) |
| 05/01/2017 | 12 | NOTICE OF LIMITED APPEARANCE OF PRO BONO COUNSEL for Mariah Lopez. (Freeman, Miles) (Entered: 05/01/2017) |
| 05/01/2017 | 13 | NOTICE OF APPEARANCE by Thomas B. Roberts on behalf of The City of New York. (Roberts, Thomas) (Entered: 05/01/2017) |
| 05/01/2017 | 14 | RESPONSE TO ORDER TO SHOW CAUSE re: 11 Order to Show Cause. Document filed by Mariah Lopez. (Freeman, Miles) (Entered: 05/01/2017) |
| 05/02/2017 | 15 | MEMO ENDORSEMENT on re: 14 RESPONSE TO ORDER TO SHOW CAUSE (D.I. 11). re: 11 Order to Show Cause. Document filed by Mariah Lopez. ENDORSEMENT: The Court finds that, in light of the City's agreement to house Plaintiff and her animal, and Plaintiff's submission in response to the Court's order to show cause, the Court's temporary restraining order is no longer necessary to avoid an irreparable harm. The TRO is hereby dissolved and the parties' May 3, 2017 conference is adjourned sine die. So ordered. The following hearing(s) was terminated: Status Conference. (Signed by Judge Valerie E. Caproni on 5/2/2017) (rjm) (Entered: 05/02/2017) |
| 05/02/2017 | 16 | NOTICE OF INITIAL PRETRIAL CONFERENCE: Initial Conference set for 6/9/2017 at 10:00 AM in Courtroom 443, 40 Centre Street, New York, NY 10007 before Judge Valerie E. Caproni, and as further set forth in this order. (Signed by Judge Valerie E. Caproni on 5/2/2017) (ap) (Entered: 05/02/2017) |
| 05/22/2017 | 17 | LETTER MOTION to Adjourn Conference *currently scheduled for June 9, 2017* addressed to Judge Valerie E. Caproni from Thomas B. Roberts dated May 22, 2017. Document filed by The City of New York. (Roberts, Thomas) (Entered: 05/22/2017) |
| 05/22/2017 | 18 | MOTION for Miles D. Freeman to Withdraw as Attorney . Document filed by Mariah Lopez. (Freeman, Miles) (Entered: 05/22/2017) |
| 05/23/2017 | 19 | MEMO ENDORSEMENT granting 18 MOTION TO WITHDRAW APPEARANCE OF LIMITED PRO BONO COUNSEL MILES D. FREEMAN. |

| | | ENDORSEMENT: Application GRANTED. The Court thanks the Quinn Emmanuel firm and Mr. Freeman for their pro bono contributions to this case and their willingness to represent Ms. Lopez on short notice. SO ORDERED. (Signed by Judge Valerie E. Caproni on 5/23/2017) (anc) (Entered: 05/23/2017) |
|---|---|---|
| 05/23/2017 | 20 | ORDER REFERRING CASE TO MAGISTRATE JUDGE. Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for General Pretrial (includes scheduling, discovery, non-dispositive pretrial motions, and settlement) and Dispositive Motion (i.e., motion requiring a Report and Recommendation) All such motions. Referred to Magistrate Judge Sarah Netburn. In light of the Court's reference to Magistrate Judge Netburn, the initial pre-trial conference currently scheduled for June 2, 2017 is adjourned sine die. (Signed by Judge Valerie E. Caproni on 5/23/2017) (anc) (Entered: 05/23/2017) |
| 05/24/2017 | 21 | ORDER: granting 17 Letter Motion to Adjourn Conference. IT IS HEREBY ORDERED that the referral to Magistrate Judge Netburn is canceled. The initial pre-trial conference previously scheduled for June 2, 2017 is rescheduled for 10:00 a.m. on June 30, 2017. The parties' joint pre-conference letter is due by June 23, 2017. The parties are directed to consult the Undersigned's Individual Practices in Civil Cases, which are available online, for further information relevant to the initial pre-trial conference. SO ORDERED. Initial Conference set for 6/30/2017 at 10:00 AM before Judge Valerie E. Caproni. (Signed by Judge Valerie E. Caproni on 5/24/2017) (ama) (Entered: 05/24/2017) |
| 05/30/2017 | | Magistrate Judge Andrew J. Peck is so redesignated. (wb) (Entered: 05/30/2017) |
| 05/30/2017 | 22 | LETTER from Mariah Lopez dated 5/30/2017 re: Emergency. Document filed by Mariah Lopez.(man) (Entered: 05/30/2017) |
| 05/30/2017 | 23 | NOTICE OF MOTION for Emergency Relief (to get back in Shelter) Requested. Document filed by Mariah Lopez.(man) (Entered: 05/30/2017) |
| 05/30/2017 | 24 | ORDER: IT IS HEREBY ORDERED that the parties must appear for a hearing on May 31, 2017, at 12:00 p.m., in Courtroom 444 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, NY 10007. If that time conflicts with Ms. Lopez's appearance in New York Supreme Court [Dkt. 22 at 3], then the City must provide the Court with an alternative available time for the hearing. (Status Conference set for 5/31/2017 at 12:00 PM in Courtroom 444, 40 Centre Street, New York, NY 10007 before Judge Valerie E. Caproni.) (Signed by Judge Valerie E. Caproni on 5/30/2017) (cf) (Entered: 05/30/2017) |
| 05/30/2017 | 25 | NOTICE OF APPEARANCE by Kevin Patrick Connolly, Jr on behalf of Project Renewal. (Connolly, Kevin) (Entered: 05/30/2017) |
| 05/31/2017 | 26 | NOTICE OF APPEARANCE by Richard Ian Greenberg on behalf of Project Renewal. (Greenberg, Richard) (Entered: 05/31/2017) |
| 05/31/2017 | | Minute Entry for proceedings held before Judge Valerie E. Caproni: Motion Hearing held on 5/31/2017 re: 23 MOTION Emergency Relief (to get back in Shelter) Requested. filed by Mariah Lopez. Ms. Lopez's application was denied by the Court. (Court Reporter Rebecca Foreman) (Brantley, Michael) (Entered: 06/02/2017) |

| | | |
|---|---|---|
| 06/01/2017 | 27 | REDACTION *Documents submitted in Court May 31, 2017 pursuant to Court Order* by The City of New York (Attachments: # 1 Exhibit Lopez Shelter History, # 2 Exhibit Rules and agreements concerning Marsha's House, # 3 Exhibit Incident report 4/21/17 21:40 am, # 4 Exhibit Incident report 4/21/17 11:51 AM, # 5 Exhibit DHS Commitment Contract, # 6 Exhibit Incident Report 4/27/17 1:10 AM, # 7 Exhibit Incident Report 4/24/17 2:00 AM, # 8 Exhibit Federal Complaint, # 9 Exhibit Federal TRO of 4/27/17, # 10 Exhibit Incident Report 5/2/17 8:13 AM, # 11 Exhibit Incident Report 5/4/17 5:00 PM, # 12 Exhibit Notes History 5/9/17 1:14 PM, # 13 Exhibit Incident Report 5/7/17 11:25 PM, # 14 Exhibit Notes History 5/10/17 6:09 PM, # 15 Exhibit Notes History 5/10/17 6:08 PM, # 16 Exhibit Suspension Request Form 5/9/17, # 17 Exhibit Client Notification of Transfer, # 18 Exhibit Shelter Client Transfer Referral, # 19 Exhibit 94 ADM-20, # 20 Affidavit of Dean Uetake, # 21 Affidavit of Paul Hargrow, # 22 Affidavit of Kaedon Grinnell, # 23 Affidavit of Tonya Fowler, # 24 Affidavit of Trevor Ollivierre, # 25 Affidavit of Srevice by Thomas B. Roberts)(Roberts, Thomas) (Entered: 06/01/2017) |
| 06/01/2017 | 28 | REDACTION *Additional documents submitted in Court May 31, 2017 pursuant to Court Order* by The City of New York(Roberts, Thomas) (Entered: 06/01/2017) |
| 06/08/2017 | 29 | NOTICE OF APPEARANCE by Evan Robert Schnittman on behalf of The City of New York. (Schnittman, Evan) (Entered: 06/08/2017) |
| 06/15/2017 | 30 | PRO SE CONSENT TO RECEIVE ELECTRONIC SERVICE. The following party: Mariah Lopez consents to receive electronic service via the ECF system. Document filed by Mariah Lopez.(sac) (Entered: 06/15/2017) |
| 06/15/2017 | 31 | UNSIGNED ORDER TO SHOW CAUSE filed by Mariah Lopez. (sac) (Entered: 06/16/2017) |
| 06/15/2017 | 32 | ORDER: Plaintiff filed this pro se action on April 25, 2017. On June 15, 2017, Plaintiff filed a Motion seeking a Temporary Restraining Order. In essence, Plaintiff seeks to have the Court order Defendants to transfer her back to Marsha's House, an LGBTQ-focused homeless facility in which she was previously sheltered, from WIN West, a shelter that Plaintiff claims cannot provide her with reasonable accommodations. Plaintiff has removed herself from WIN West and is currently homeless; as further set forth herein. Plaintiff seeks reinstatement to her former shelter, and thus requests affirmative, and not prohibitory, relief. However, she has left the custody of the Department of Homeless Services since the date of her transfer, and it is unclear what irreparable harm the current Motion seeks to avoid. In light of the heightened standard governing requests for affirmative emergency relief, the Court is not able to grant a temporary restraining order. However, the Court interprets Plaintiff's request for a temporary restraining order as incorporating a request for a preliminary injunction. At the Parties' previously scheduled initial pre-trial conference on June 30, 2017, Judge Caproni will set a schedule for a preliminary injunction hearing. Plaintiff is instructed to serve the moving papers on Defendants by June 23, 2017. (Signed by Judge Deborah A. Batts on 6/15/2017) (mro) Modified on 6/16/2017 (mro). (Entered: 06/16/2017) |
| 06/16/2017 | 33 | |

| | | |
|---|---|---|
| | | ORDER: In an Order dated June 15, 2017, this Court, sitting in Part 1, among other things, ordered Plaintiff to serve her papers on Defendants by June 23, 2017. Pursuant to Local Rule 5.2, Electronic Service and Filing of Documents, there is no need for Plaintiff to serve Defendants personally. Therefore, that part of the Order of June 15, 2017 is vacated. (Signed by Judge Deborah A. Batts on 6/16/2017) (kgo) (Entered: 06/16/2017) |
| 06/20/2017 | 35 | MARSHAL'S PROCESS RECEIPT AND RETURN OF SERVICE EXECUTED Summons and Complaint served. The City of New York served on 6/2/2017, answer due 8/1/2017. Service was made by Mail. Document filed by Mariah Lopez. (jgo) (Entered: 06/28/2017) |
| 06/20/2017 | 36 | MARSHAL'S PROCESS RECEIPT AND RETURN OF SERVICE EXECUTED Summons and Complaint served. Project Renewal served on 6/5/2017, answer due 8/4/2017. Service was made by Mail. Document filed by Mariah Lopez. (jgo) (Entered: 06/28/2017) |
| 06/23/2017 | 34 | LETTER addressed to Judge Valerie E. Caproni from Thomas B. Roberts & Kevin P. Connolly dated June 23, 2017 re: Defendants' joint letter in anticipation of the initial pre-trial conference and Proposed Case Management Plan. Document filed by Project Renewal, The City of New York.(Roberts, Thomas) (Entered: 06/23/2017) |
| 06/30/2017 | | Minute Entry for proceedings held before Judge Valerie E. Caproni: Initial Pretrial Conference held on 6/30/2017. Order to follow. (Court Reporter Steven Greenbaum) (Brantley, Michael) (Entered: 06/30/2017) |
| 06/30/2017 | 37 | STATE COURT RECORDS AND PROCEEDINGS PURSUANT TO LOCAL RULE 81. Document filed by The City of New York.(Roberts, Thomas) (Entered: 06/30/2017) |
| 06/30/2017 | 38 | STATE COURT RECORDS AND PROCEEDINGS PURSUANT TO LOCAL RULE 81. Document filed by The City of New York.(Roberts, Thomas) (Entered: 06/30/2017) |
| 07/05/2017 | 39 | ORDER: IT IS HEREBY ORDERED that the Court shall construe Ms. Lopez's June 15, 2017 application for a temporary restraining order, Dkt. 31, as an amended complaint. In the event defendant Project Renewal, Inc. objects to treating the June 15, 2017 application as an amended complaint, it must inform the Court by July 7, 2017. IT IS HEREBY FURTHER ORDERED that Defendants' Rule 12 motions shall be due by August 4, 2017. Plaintiff's response is due by September 8, 2017. Defendants' replies are due by September 22, 2017. IT IS HEREBY FURTHER ORDERED that the City is directed to inform the Court promptly of any material developments in the parallel state court Article 78 proceedings. IT IS HEREBY FURTHER ORDERED that briefing on Plaintiff's motion for a preliminary injunction is adjourned sine die. (Motions due by 8/4/2017. Responses due by 9/8/2017. Replies due by 9/22/2017.) (Signed by Judge Valerie E. Caproni on 7/5/2017) (mml) (Entered: 07/05/2017) |
| 07/21/2017 | 40 | TRANSCRIPT of Proceedings re: HEARING held on 5/31/2017 before Judge Valerie E. Caproni. Court Reporter/Transcriber: Rose Prater, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the |

| | | Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/11/2017. Redacted Transcript Deadline set for 8/21/2017. Release of Transcript Restriction set for 10/19/2017.(McGuirk, Kelly) (Entered: 07/21/2017) |
|---|---|---|
| 07/21/2017 | 41 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a HEARING proceeding held on 5/31/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 07/21/2017) |
| 07/27/2017 | 42 | TRANSCRIPT of Proceedings re: CONFERENCE held on 6/30/2017 before Judge Valerie E. Caproni. Court Reporter/Transcriber: Steven Greenblum, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/17/2017. Redacted Transcript Deadline set for 8/28/2017. Release of Transcript Restriction set for 10/25/2017.(McGuirk, Kelly) (Entered: 07/27/2017) |
| 07/27/2017 | 43 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 6/30/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 07/27/2017) |
| 07/28/2017 | 44 | MOTION to Dismiss *Amended Complaint.* Document filed by The City of New York. Responses due by 9/8/2017(Roberts, Thomas) (Entered: 07/28/2017) |
| 07/28/2017 | 45 | MEMORANDUM OF LAW in Support re: 44 MOTION to Dismiss *Amended Complaint.* . Document filed by The City of New York. (Roberts, Thomas) (Entered: 07/28/2017) |
| 07/28/2017 | 46 | DECLARATION of Thomas B. Roberts in Support re: 44 MOTION to Dismiss *Amended Complaint..* Document filed by The City of New York. (Attachments: # 1 Exhibit Ex.1, May 12, 2017 Petition and supporting papers in Article 78 proceeding 100632/2017, # 2 Exhibit Ex. 2, Transcript of May 12, 2017 porceeding in 100632/2017, # 3 Exhibit Ex. 3, Trenscript of May 15, 2017 proceedings in 100632/2017, # 4 Exhibit Ex. 4, Incident reports concerning Plaintiff's actions on May 24, 2017, # 5 Exhibit Ex.5, N.Y. Unified Court System, Case Details Summary concerning Plaintiff dated May 25, 2017, # 6 Exhibit Ex. 6, DHS Suspension Request dated May 24, 2017, # 7 Exhibit Ex. 7, part 1, DHS' Answer and supporting exhibits and affidavits in 100632/2017, # 8 Exhibit Ex. 7, part 2, DHS' Answer and Supporting exhibits and affidavits in 100632/2017, # 9 Exhibit Ex. 7, Part 3, DHS' Answer and supporting exhibits and affidavits in 100632/2017, # 10 Exhibit Ex. 7, part 4, DHS' Answer and supporting exhibits and affidavits in 100632/2017, # 11 Exhibit Ex. 8, Incident |

| | | |
|---|---|---|
| | | reports cncerning Plaintiff's actions on May 26, 2017, # 12 Exhibit Ex. 9, Transcript of May 31, 2017 proceedings in 100632/2017, # 13 Exhibit Ex. 10, June 14, 2017 decision and judgment in 100632/2017, # 14 Exhibit Ex. 11, June 7 email chain between Plaintiff and ACC Schnittman, # 15 Exhibit Ex. 12, June 7, 2017 letter of Dr. Harold Reed, # 16 Exhibit Ex. 13, June 20, 2017 letter of Dr. Pierre Arty, # 17 Exhibit Ex. 14, June 26, 2017 Reasonable Accommodation Request Determination, # 18 Exhibit Ex. 15, Amender OTSC, RJI and Verified Petition in 100871/2017, # 19 Exhibit Ex. 16, July 20, 2017 Answer of DHS in 100871/2017, # 20 Exhibit Ex. 17, July 20 Affidavit of Dr. Laraque)(Roberts, Thomas) (Entered: 07/28/2017) |
| 08/01/2017 | 47 | ORDER REFERRING CASE TO MAGISTRATE JUDGE. Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for Dispositive Motion (i.e., motion requiring a Report and Recommendation). Referred to Magistrate Judge Andrew J. Peck. (Signed by Judge Valerie E. Caproni on 8/1/2017) (kgo) (Entered: 08/01/2017) |
| 08/03/2017 | 48 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Project Renewal.(Greenberg, Richard) (Entered: 08/03/2017) |
| 08/03/2017 | 49 | MOTION to Dismiss.. Document filed by Project Renewal.(Greenberg, Richard) (Entered: 08/03/2017) |
| 08/03/2017 | 50 | MEMORANDUM OF LAW in Support re: 49 MOTION to Dismiss .. Document filed by Project Renewal. (Greenberg, Richard) (Entered: 08/03/2017) |
| 08/03/2017 | 51 | DECLARATION of Richard I. Greenberg in Support re: 49 MOTION to Dismiss .. Document filed by Project Renewal. (Attachments: # 1 Exhibit A-H, # 2 Exhibit I-N)(Greenberg, Richard) (Entered: 08/03/2017) |
| 08/04/2017 | 52 | ORDER: with respect to 49 Motion to Dismiss, Plaintiff is to file her papers in opposition to the defendants' two motions to dismiss, by August 28, 2017. The parties are to follow the "Individual Practices of Magistrate Judge Andrew J. Peck," a copy of which is on the S.D.N.Y. website and also is attached. The parties are to consider whether they want me to decide the motions on a dispositive basis, pursuant to 28 U.S.C.§ 636(c). A copy of the limited § 636(c) form is enclosed. If all parties agree, they should sign the form and return it to me; if there is not agreement by all parties, Mr. Greenberg is to advise the Court, by letter, by August 28, 2017, but without disclosing any party's decision (for example, that plaintiff said yes but the City said no). Response due by 8/28/2017. (Signed by Magistrate Judge Andrew J. Peck on 8/4/2017) Copies Sent by Chambers. (ap) Modified on 8/25/2017 (ap). (Entered: 08/04/2017) |
| 08/04/2017 | | Set/Reset Deadlines: Responses due by 8/28/2017. (ap) (Entered: 08/04/2017) |
| 08/16/2017 | 53 | LETTER addressed to Magistrate Judge Andrew J. Peck from Richard I. Greenberg dated August 16, 2017 re: Response to August 4, 2017 Order Regarding Pending Motions to Dismiss. Document filed by Project Renewal. (Greenberg, Richard) (Entered: 08/16/2017) |
| 08/21/2017 | 54 | LETTER MOTION for Extension of Time *to Submit Reply Documents* addressed to Magistrate Judge Andrew J. Peck from Kevin P. Connolly dated |

| | | |
|---|---|---|
| | | August 21, 2017. Document filed by Project Renewal.(Connolly, Kevin) (Entered: 08/21/2017) |
| 08/21/2017 | 55 | ORDER: granting 54 Letter Motion for Extension of Time. Reluctantly Approved. No further extensions. SO ORDERED. (Signed by Magistrate Judge Andrew J. Peck on 8/21/2017) Copies ECF: All Parties/ Counsel, Judge Caproni. (ama) (Entered: 08/21/2017) |
| 08/21/2017 | | Set/Reset Deadlines: Responses due by 9/8/2017 Replies due by 9/22/2017. (ama) (Entered: 08/21/2017) |
| 09/08/2017 | 56 | LETTER from Mariah Lopez, dated 9/8/17 re: REQUEST FOR ADJOURNMENT DUE TO RELIGIOUS & MEDICAL NEEDS. Document filed by Mariah Lopez.(sc) (Entered: 09/11/2017) |
| 09/11/2017 | 57 | MEMO ENDORSEMENT: on re: 56 Letter filed by Mariah Lopez. ENDORSEMENT: Extension approved to September 22, 2017. Reply brief due September 29, 2017. (Responses due by 9/22/2017. Replies due by 9/29/2017.) (Signed by Magistrate Judge Andrew J. Peck on 9/11/2017) (ap) (Entered: 09/11/2017) |
| 09/29/2017 | 58 | REPORT & RECOMMENDATION: re: 44 MOTION to Dismiss *Amended Complaint,* filed by The City of New York, 49 MOTION to Dismiss, filed by Project Renewal, 2 Complaint filed by Mariah Lopez. For the reasons set forth above, the Court should rule as follows:(1) the City's motion to dismiss (Dkt. No. 44) should be DENIED in its entirety; (2) Project Renewal's motion to dismiss (Dkt. No. 49) should be DENIED, except GRANTED as to Lopez's failure to accommodate claim and any claims under Title II of the ADA; and (3) Lopez should be granted leave to file a Second Amended Complaint to name Project Renewal as a defendant and to add facts to support her Title III failure to accommodate claim against Project Renewal, and as further set forth in this order. Objections to R&R due by 10/13/2017. (Signed by Magistrate Judge Andrew J. Peck on 9/28/2017) (ap) Modified on 10/17/2017 (ap). (Entered: 09/29/2017) |
| 10/10/2017 | 59 | FIRST LETTER MOTION for Extension of Time *to file written objections to Report and Recommendation* addressed to Judge Valerie E. Caproni from Kevin Connolly dated October 10, 2017. Document filed by Project Renewal. (Connolly, Kevin) (Entered: 10/10/2017) |
| 10/11/2017 | 60 | ORDER granting 59 Letter Motion for Extension of Time. Application GRANTED. Objections to R&R due by 10/23/2017. (Signed by Judge Valerie E. Caproni on 10/11/2017) (mro) (Entered: 10/11/2017) |
| 10/23/2017 | 61 | OBJECTION to 58 Report and Recommendations Document filed by Project Renewal. (Greenberg, Richard) (Entered: 10/23/2017) |
| 10/23/2017 | 62 | DECLARATION of Richard I. Greenberg, Esq. in Support re: 61 Objection to Report and Recommendations. Document filed by Project Renewal. (Attachments: # 1 Exhibit A(1), # 2 Exhibit A(2), # 3 Exhibit A(3), # 4 Exhibit A(4), # 5 Exhibit A(5))(Greenberg, Richard) (Entered: 10/23/2017) |
| 10/23/2017 | 63 | |

| | | OBJECTION to 58 Report and Recommendations Document filed by The City of New York. (Roberts, Thomas) (Entered: 10/23/2017) |
|---|---|---|
| 10/23/2017 | 64 | DECLARATION of Tonie Baez in Support re: 63 Objection to Report and Recommendations. Document filed by The City of New York. (Roberts, Thomas) (Entered: 10/23/2017) |
| 10/23/2017 | 65 | NOTICE of to Pro Se litigant who opposes a Rule 12 Motion supported by matters outside the pleadings and copies of decisions exculsively reported on computerized databases re: 63 Objection to Report and Recommendations. Document filed by The City of New York. (Attachments: # 1 Exhibit Ex.A; Arnold v Beth Abraham Health Servs., # 2 Exhibit Ex. B; Leo v NYC Dep't of Educ., # 3 Exhibit Ex. c; Loren v. NYC Dept of Educ., # 4 Exhibit Ex. D; Moran v NY Dep't of Health, # 5 Exhibit Ex. E; Nash v. Bd. of educ. of NY, # 6 Exhibit Ex. F; Smith v. Cuomo, # 7 Exhibit Ex. G; Cordoba v. Beau Dietl, # 8 Exhibit Ex. H; Witchard v. Monefiore Med. Ctr.)(Roberts, Thomas) (Entered: 10/23/2017) |
| 11/16/2017 | 66 | PRO SE MEMORANDUM dated 1/16/17 re: CHANGE OF ADDRESS for Mariah Lopez. New Address: Homeless - No Mailing Address, (sc) (Entered: 11/16/2017) |
| 03/05/2018 | | NOTICE OF REDESIGNATION TO ANOTHER MAGISTRATE JUDGE. The above entitled action has been redesignated to Magistrate Judge Ona T. Wang. Please note that this is a reassignment of the designation only. (bcu) (Entered: 03/05/2018) |
| 03/05/2018 | | NOTICE OF REASSIGNMENT OF A REFERRAL TO ANOTHER MAGISTRATE JUDGE. The referral in the above entitled action has been reassigned to Magistrate Judge Ona T. Wang, for General Pretrial (includes scheduling, discovery, non-dispositive pretrial motions, and settlement). Magistrate Judge Andrew J. Peck no longer referred to the case. (bcu) (Entered: 03/05/2018) |
| 03/15/2018 | 67 | ORDER for 44 Motion to Dismiss filed by The City of New York, 49 Motion to Dismiss filed by Project Renewal, 58 Report and Recommendations. The report is ADOPTED IN FULL. The City of New York's motion to dismiss is DENIED. Project Renewal's motion to dismiss is DENIED, except as to Lopez's failure to accommodate claim and any claims under Title II of the ADA. Plaintiff is granted.leave to file a second amended complaint to name Project Renewal as a defendant and to add facts to support her Title III failure to accommodate claim against Project Renewal, if she so chooses. Any such second amended complaint must be filed by April 16, 2018. The Clerk of the Court is respectfully directed to close the open motions at docket entries 44 and 49, mail a copy of this order to Plaintiff, and note mailing on the docket. SO ORDERED. (Amended Pleadings due by 4/16/2018.) (Signed by Judge Valerie E. Caproni on 3/15/18) (yv) (Entered: 03/16/2018) |
| 03/15/2018 | | Transmission to Docket Assistant Clerk. Transmitted re: 67 Order.Adopting Report and Recommendations, Set Deadlines, to the Docket Assistant Clerk for case processing. (yv) (Entered: 03/16/2018) |

| | | |
|---|---|---|
| 03/21/2018 | 68 | LETTER MOTION for Extension of Time to File Answer *on behalf of all defendants* addressed to Judge Valerie E. Caproni from Thomas B. Roberts dated March 21, 2018. Document filed by New York City Dept. Homeless Services, The City of New York.(Roberts, Thomas) (Entered: 03/21/2018) |
| 03/23/2018 | 69 | ORDER granting 68 Letter Motion for Extension of Time to Answer. Application GRANTED. The Clerk of the Court is directed to mail a copy of this endorsement to Plaintiff and note mailing on the docket. Project Renewal answer due 4/30/2018; The City of New York answer due 4/30/2018. (Signed by Judge Valerie E. Caproni on 3/23/2018) (kgo) (Entered: 03/23/2018) |
| 03/23/2018 | | Transmission to Docket Assistant Clerk. Transmitted re: 69 Order on Motion for Extension of Time to Answer,, to the Docket Assistant Clerk for case processing. (kgo) (Entered: 03/23/2018) |
| 03/28/2018 | 70 | AMENDED ORDER REFERRING CASE TO MAGISTRATE JUDGE. Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for General Pretrial (includes scheduling, discovery, non-dispositive pretrial motions, and settlement) and Dispositive Motion (i.e., motion requiring a Report and Recommendation). Referred to Magistrate Judge Ona T. Wang. (Signed by Judge Valerie E. Caproni on 3/28/2018) (rjm) (Entered: 03/28/2018) |
| 03/29/2018 | 71 | ORDER: IT IS HEREBY ORDERED that the Court will hold a hearing to consider Plaintiff's renewed motion for a temporary restraining order at 2:30 p.m. on March 30, 2018 in Courtroom 443 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York 10007. IT IS FURTHER ORDERED that the Defendants are directed to respond to Plaintiff's renewed motion by noon on March 30, 2018. IT IS FURTHER ORDERED that the Court will address the sealing of Plaintiff's renewed motion at the March 30, 2018 hearing. ( Motion Hearing set for 3/30/2018 at 02:30 PM in Courtroom 443, 40 Centre Street, New York, New York, NY 10007 before Judge Valerie E. Caproni.), ( Responses due by 3/30/2018) (Signed by Judge Lorna G. Schofield on 3/29/2018) (kgo) (Entered: 03/29/2018) |
| 03/30/2018 | | Minute Entry for proceedings held on 3/30/2018, before Judge Valerie E. Caproni: Hearing held regarding Plaintiff's application for a temporary restraining order. The Court Denied the motion for a temporary restraining order because Plaintiff has failed to demonstrate she is at risk of an irreparable injury unless the Court orders the Defendants to place Plaintiff in a private room or single-occupancy hotel room. To the extent plaintiff has demonstrated she faces an injury absent such relief, the Court concluded that risk is due to conduct unrelated to the claims in this case. The Court ordered the record of this proceeding Sealed. Court Reporter Tom Murray present. (Brantley, Michael) (Entered: 04/02/2018) |
| 04/27/2018 | 72 | NOTICE OF APPEARANCE by Nidhi Srivastava on behalf of Project Renewal. (Srivastava, Nidhi) (Entered: 04/27/2018) |
| 04/30/2018 | 73 | ANSWER to 2 Complaint. Document filed by The City of New York. (Attachments: # 1 Exhibit numbered amended complaint)(Roberts, Thomas) (Entered: 04/30/2018) |

| 04/30/2018 | 74 | ANSWER to 2 Complaint. Document filed by Project Renewal. (Attachments: # 1 Exhibit A)(Srivastava, Nidhi) (Entered: 04/30/2018) |
| 05/01/2018 | 75 | SCHEDULING ORDER: Plaintiff and counsel for Defendants shall appear for a Status Conference on May 23, 2018 at 3:00 p.m. at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, Courtroom 20D. (As further set forth in this Order.) The Clerk of Court is respectfully directed to mail a copy of this Scheduling Order to Plaintiff and note mailing on the docket. Status Conference set for 5/23/2018 at 03:00 PM in Courtroom 20D, 500 Pearl Street, New York, NY 10007 before Magistrate Judge Ona T. Wang. (Signed by Magistrate Judge Ona T. Wang on 5/1/2018) (cf) (Entered: 05/01/2018) |
| 05/01/2018 | | Transmission to Docket Assistant Clerk. Transmitted re: 75 Scheduling Order to the Docket Assistant Clerk for case processing. (cf) (Entered: 05/01/2018) |
| 05/02/2018 | 76 | SEALED DOCUMENT placed in vault.(rz) (Entered: 05/02/2018) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/10/2018 10:49:59 | | | |
| PACER Login: | ny0615:3539994:3934903 | Client Code: | 0188095 |
| Description: | Docket Report | Search Criteria: | 1:17-cv-03014-VEC-OTW |
| Billable Pages: | 11 | Cost: | 1.10 |

| 04/30/2018 | 74 | ANSWER to 2 Complaint. Document filed by Project Renewal. (Attachments: # 1 Exhibit A)(Srivastava, Nidhi) (Entered: 04/30/2018) |
| 05/01/2018 | 75 | SCHEDULING ORDER: Plaintiff and counsel for Defendants shall appear for a Status Conference on May 23, 2018 at 3:00 p.m. at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, Courtroom 20D. (As further set forth in this Order.) The Clerk of Court is respectfully directed to mail a copy of this Scheduling Order to Plaintiff and note mailing on the docket. Status Conference set for 5/23/2018 at 03:00 PM in Courtroom 20D, 500 Pearl Street, New York, NY 10007 before Magistrate Judge Ona T. Wang. (Signed by Magistrate Judge Ona T. Wang on 5/1/2018) (cf) (Entered: 05/01/2018) |
| 05/01/2018 | | Transmission to Docket Assistant Clerk. Transmitted re: 75 Scheduling Order to the Docket Assistant Clerk for case processing. (cf) (Entered: 05/01/2018) |
| 05/02/2018 | 76 | SEALED DOCUMENT placed in vault.(rz) (Entered: 05/02/2018) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 05/10/2018 10:49:59 | | | |
| PACER Login: | ny0615:3539994:3934903 | Client Code: | 0188095 |
| Description: | Docket Report | Search Criteria: | 1:17-cv-03014-VEC-OTW |
| Billable Pages: | 11 | Cost: | 1.10 |

Index No. 100556/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

MARIAH LOPEZ,

Plaintiff,

-against-

NYC DEPT OF HOMELESS SERVICES, NYC
HUMAN RESOURCES ADMINISTRATION,
PROJECT RENEWAL INC, QPS SECURITY INC,
WIN INC, CHRISTINE C. QUINN,

Defendants.

**AFFIRMATION OF THOMAS B. ROBERTS IN
OPPOSITION TO PLAINTIFF'S MOTION FOR A
TRO**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
Attorney for Defendant
100 Church Street
New York, N.Y. 10007

*Of Counsel: Thomas B. Roberts*
*Tel: (212) 356-0872*
*Matter #.*

*Due and timely service is hereby admitted.*

*New York, N.Y. ............................................. , 2018*

*..................................................................... , Esq.*

*Attorney for ..............................................................*